UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 4:21mj9-MAF

DANIEL ALAN BAKER,

    Defendant.
_____/

**DEFENDANT'S MEMORANDUM REGARDING
<u>PROBABLE CAUSE</u>**

    Defendant, Daniel Baker, files this memorandum supporting his contention that the Government's affidavit fails to establish probable cause to detain him as required by the Fourth Amendment to the United States Constitution. S*ee Gerstein v. Pugh*, 420 U.S. 103, 114 (1975); Fed.R.Crim.P. 5.1(f). It fails because the alleged threats are described in conclusory terms, the product of the heated political dialogue of the day, equivocal, conditional, and fail to show an intent to immediately inflict injury.

    The complaint alleges a violation of 18 U.S.C. § 875(c), which reads:

> Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both.

The affidavit alleges many facts that would, understandably, cause the Court and the Government concern, including Mr. Baker's claim to be a "trained sniper" and Mr. Baker's ownership of firearms. For purposes of the preliminary hearing, however, the question is whether the Government can "prove the existence of probable cause to believe the arrestee has committed a crime." *United States v. Garcia*, 593 F.2d 77, 81 (8th Cir. 1979).

The complaint contains a limited number of allegations that the Court might construe to be a threat to kidnap or injure any person sent through interstate commerce. Those are, at least as Mr. Baker reads them:

1. "Baker continues to threaten the use of violence, and has made 'multiple threats to those he claims to be white supremacists, fascists, people with different ideologies than his, and allies of

the United States." ¶ 10 of Affidavit in Support of Criminal Complaint. (ECF No. 2).

2. "Baker has promoted the killing of United States military officers." *Id.*

3. "Baker has informed his followers on social media to prepare for war." *Id.*

4. "On October 2, 2020, Baker authored a Facebook post stating: 'This is war. Are you willing to take up arms with us yet? Buy guns and join us this November. We are voting from the rooftops." *Id.* at ¶ 16.

5. "On October 20, 2020, Baker authored a post advising of the upcoming civil war: 'God I hope the right tries a coup Nov 3rd cuz (sic) I'm so fucking down to slay enemies again." *Id.* at ¶ 20.

6. "On December 17, 2020, Baker made a post to his Instagram account that appears to resemble bombs or explosives being dropped from the sky and captions the post 'Jacksonville nazis gonne (sic) be real sad when this happens to their hq." *Id.* at ¶ 30.

7. "On December 29, 2020, Baker made a post to his Instagram account advocating for individuals to stop training cops in Jujitsu, that cops kill civilians, and states 'We are hunting yall. The favelas will rise up and the mcdojos will burn during the revolution.' Your affiant believes that Baker's reference to 'yall' in that post was referring to law enforcement officers." *Id.* at ¶ 32.

8. In a reference to the mob that broke into the United States Capitol earlier this month: "Yall better hope the cops find you before we do cuz I believe in torturing prisoners for information. Yall better turn yourself in cuz we don't intend to involve the cops." *Id.* at ¶ 33.

9. Under the heading "Defend Tallahassee" the January 12, 2021 Facebook post that reads: "Armed racist mobs have planted the Confederate flag in the nations Capitol while announcing their plans to storm every American state Capitol on or around inauguration day. We will fight back. We will circle the state Capitol and let them fight the cops and take the building. Then

4

we will encircle and trap them inside. We will drive them out of Tallahassee with every caliber available. They are staging an armed takeover so only an armed community can stop them. We can win! We have a duty to and duty to win. We have already recruited an army armed combat veterans and volunteers." *Id.* at ¶ 39.

10. A second posting of "Defending Tallahassee" under the heading "Call to Arms January 20th!" as a comment to a news article by a Tallahassee-based television station. *Id.* at ¶ 43.

Mr. Baker acknowledges the relatively low threshold the Government must meet to establish probable cause, only that of establishing "a reasonable ground to believe the accused guilty of the crime charged." *Garcia-Guillern v. United States*, 450 F.2d 1189, 1192 (5th Cir. 1971). But it is that standard the allegations in the affidavit fail to meet.

The first three claims are conclusory statements that don't allow the Court to make its own independent determination. *See Illinois v. Gates*, 462 U.S. 213, 213, 239 (1983) ("An affidavit must provide the

5

magistrate with a substantial basis for determining the basis of probable cause, and the wholly conclusory statement at issue in *Nathanson [v. United States*, 290 U.S. 41 (1933)] failed to meet this requirement.") The first two, don't allege how the "threats" were communicated.

In evaluating the remaining statements, Mr. Baker contends the Court should place them in the context of what is a time of overheated rhetoric. An Associated Press story that appeared this past Sunday quoted an online post of the Chairman of the St. Croix, Wisconsin Republican Party in which he urged followers to "prepare for war." Joe Reaves and Julie Smyth, *Some in GOP talk of civil war,* TALLAHASSEE DEMOCRAT, Jan. 17, 2021. The article states Phil Reynolds, "a member of the GOP central committee in California's Santa Clara County, declared on Facebook that "The war has begun. Citizens take arms!" *Id.* The Seattle Times reports state Representative Robert Sutherland wrote "prepare for war," "on his Facebook site, after declaring that 'Joe Biden is not now, nor will ever be my President.'" Danny Westmeat, *'Prepare for war': A local GOP official goes all-in with election conspiracy theories,* THE SEATTLE TIMES, December 16, 2020.

In interpreting a statute "which makes criminal a form of pure speech," courts must do so "with the commands of the First Amendment clearly in mind" and must "distinguish[] . . . what is constitutionally protected speech." *Watts v. United States*, 394 U.S. 705, 707 (1969). "[P]olitical hyperbole" falls on the side of protected speech. *Id.* at 708. The Watts Court found that the statement, "If they ever make me carry a rifle the first man I want to get in my sights is LBJ" was political hyperbole rather than a "true threat" against the President. In reaching its conclusion, the court found crucial the context in which the statement was uttered. Specifically, the court gave great weight to the fact that the declarant was a disgruntled eighteen year old who had recently been drafted, and who was at a protest against police brutality at the Washington Monument. Given the rhetoric of the day, Mr. Baker's talk of war as do the postings reported in the Associated Press story can only be considered political hyperbole.

Some of Mr. Baker's statements go beyond asking people to prepare for war. However, those statements also fail because they are so conditional, equivocal, speculative, and unrealistic. Hoping there is a

7

coup so he can "slay enemies again," the drawings of bombs or explosives dropping on Jacksonville Nazis, the claim "we are hunting yall," the statement he believes in "torturing prisoners," and the specifics of encircling "armed racists" after they invade the Florida Capitol are not "true threats." *See United States v. Sovie,* 122 F.3d 122, 127 (2d Cir. 1997) ("As noted, Section 875(c) requires the threatening language be a 'true threat.'"); Eleventh Circuit Pattern Jury Instructions (Criminal Cases) O30.3 (2016) (requiring the Government to prove "The Defendant sent the message with the intent to communicate a true threat or with the knowledge it would be viewed as a true threat.")

Much of what Mr. Baker has posted amounts to a call for a citizen defense of the Florida Capitol not unlike the citizen militia's efforts at defending Harper's Ferry when in the summer of 1859 an armed group led by John Brown commandeered the federal armory at Harper's Ferry.[1] Indeed, an effort by citizens to defend a state capitol hardly seems illegal. *See Elonis v. United States,* 135 S. Ct. 2001, 2019 (2015) ("To qualify as

---

[1] *See John Brown – Amercan abolitionist,* Britannica.com at https://www.britannica.com/biography/John-Brown-American-abolitionist.

8

a true threat, a communication must be a serious expression of an intention to commit *unlawful* physical violence . . ." (emphasis added)). Then, too, it's conditioned upon the broadly speculative assumption that a racist mob would invade the Capitol.

The paragraph that includes the opinion Mr. Baker was referring to "law enforcement officers" when he wrote "We are hunting yall," includes reference to "favelas" that "will rise up" and "mcdojos" who "will burn during the revolution." A favella is "in Brazil, a slum or shantytown located within or on the outskirts of the country's large cites."[2] A McDojo is "a martial arts school that is solely established to make money instead of genuinely teaching martial arts."[3] Add those two odd references to the description of the post as advocating for individuals to stop training "cops in Jujitsu," and it is a hard paragraph to decipher, with content that is a long way from the conclusion that Mr. Baker claimed to be hunting officers.

---

[2] Brtiannica.com at https://www.britannica.com/topic/favela.
[3] Urbandictionary.com at https://www.urbandictionary.com/define.php?term=McDojo

9

The statement about torturing prisoners and the message to those who broke into the United States Capitol to turn themselves in, if it can even be taken seriously, is conditioned upon identifying and finding those who participated in an incident in Washington, D.C., nearly 900 miles from Tallahassee.

The Instagram post that includes a drawing of what "appears to resemble bombs or explosives" dropping from the sky is supposedly aimed at the headquarters of Jacksonville Nazis. It seems unlikely there is even such a place.

Courts have not described a "true threat" in entirely the same way. In *United States v. C.S.,* 968 F.3d 237, 243 (3rd Cir. 2020), the court, citing an earlier case, wrote that whether language qualified as a threat was ordinarily a matter to be decided by the trier of fact. While that sentiment may be largely true, taken literally it would give rise to the untenable proposition that probable cause always exists so long as the government makes a claim that the communication is a true threat.

In the opinion, the court also stated that "[t]here is no rule that conditional statements, statements conveying a vague timeline or

condition, or even wishes can never be a true threat." 968 F.3d at 245. But while one may conjure circumstances where conditional statements, vague timelines, or wishes might qualify, that is not to say they inevitably do. Notably, the object of the threat in *C.S.* was a nearby church. Though there was no mention of when the defendant intended to attack the church, the attack did not depend upon any intervening circumstance.

The clearer analysis is found in *United States v. Kelner*, 534 F.2d 1020 (2d Cir.1976). There the court recognized that the "constitutionally-limited definition of the term 'threat'" is meant to "insure that only unequivocal, unconditional and specific expressions of intention immediately to inflict injury may be punished . . ." 534 F.2d at 1027. To hold otherwise would invite broad prosecution of conceivably even the reckless statements described in last Sunday's Associated Press article. Mr. Baker's language, because it is equivocal, conditional, and omits any intention to immediately inflict injury, does not amount to a true threat. Because it falls so far short of *Kelner's* requirements, the affidavit in this case fails to establish probable cause.

**CERTIFICATE OF SERVICE AND WORD COUNT**

I certify that a copy of the foregoing has been furnished electronically via ECF to Assistant United States Attorney Lazaro Fields this 20th day of January 2021. This motion has 2,035 words.

    Respectfully submitted,

    */s/ Randolph P. Murrell*
    Randolph P. Murrell
    Federal Public Defender
    Florida Bar No. 220256
    227 N. Bronough St., Ste. 4200
    Tallahassee, FL 32301
    Phone (850) 942-8818
    Attorney for the Defendant