# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

**VS.**  Case No. **4:21cr10-AW**

**DANIEL ALAN BAKER,**
**_____/**

## ORDER SETTING TRIAL
## AND OTHER PRE-TRIAL MATTERS

**A.  TRIAL AND VOIR DIRE PROCEDURE:**

1. This case will be tried during the trial period commencing **April 14, 2021**, in **Tallahassee, Florida**. The attorney conference shall begin at **8:30 a.m.** with jury selection commencing immediately thereafter.

2. Voir Dire examinations of jurors will be conducted by the Court. If a party wishes to submit voir dire questions for the Court's consideration, written questions must be filed with the Clerk of Court at least seven (7) days prior to trial, and a copy provided to opposing counsel. At the conclusion of the Court's voir dire examination, counsel will be given a reasonable opportunity to ask followup questions believed necessary

because of answers given or other matters occurring during voir dire, not satisfactorily explained by the Court's inquiry.

3. Jury selection will be specified to counsel prior to trial, but will be conducted in one of the following ways:

    a. The entire panel will be examined after which the attorneys will be given the opportunity to exercise their challenges.

    b. The jury box will be filled, those prospective jurors examined, and challenges must be exercised. Those jurors excused will be replaced and new prospective jurors will be examined. The process will continue until the jury and alternates are selected.

Whichever procedure is followed, no back striking will be permitted.

4. Prior to jury selection, the parties must determine whether they will stipulate to completing the trial with less than twelve (12) jurors in the event that sworn jurors become disabled or are excused by the Court.

**B. DISCOVERY AND INSPECTION:**

1. Any request by the Defendant for discovery under Federal Rule of Criminal Procedure 16(a) shall be made no later than seven (7) days after arraignment and entry of this Order, and the Government shall provide the requested information within seven (7) days of receipt of the

request.  N.D. Fla. Loc. R. 26.2(B).  If the Government complies with the Defendant's request for discovery under Federal Rule of Criminal Procedure 16(a)(1)(E), (F), or (G), the Defendant must also permit inspection by the Government pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A), (B), and (C), if requested within three (3) days of: (a) the Government's compliance with Defendant's request; or (b) receipt of Defendant's notice pursuant to Rule 12.2(b) of intent to present expert testimony on the Defendant's mental condition.  If so requested, the Defendant must respond by the deadlines set forth in Local Rule 26.2(C)(1)-(3).

    2.    Counsel for the parties, or the Defendant if not represented by counsel, shall agree on the time, place, and manner of the disclosure of such evidence, information, or discovery and of any inspection and copying or photographing required.  The parties' attention is directed to Federal Rule of Criminal Procedure 16(c) and (d).

**C.    BRADY MATTERS:**

Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to produce all exculpatory evidence to the issues of guilt or punishment to the Defendant without regard to materiality within 7 days of arraignment, or promptly after acquiring knowledge thereof.  *See* Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); United States v. Agurs, 427 U.S. 97, 96 S. Ct. 2392, 49 L. Ed. 2d 342 (1976).  Failing to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

**D.    NOTICE OF INSANITY DEFENSE, MENTAL CONDITION, OR ALIBI DEFENSE:**

If Defendant intends to assert an insanity defense or introduce expert evidence relating to a mental disease, defect, or other mental conduction bearing on guilt or, in a capital case, punishment, Defendant must give written notice to the Government within 14 days of arraignment and file a copy of the notice with the Clerk of Court.  A Defendant must give written notice of an intended alibi defense within 14 days of receipt of the

Government's request made pursuant to Federal Rule of Criminal Procedure Rule 12.1.

**E.    MOTIONS BEFORE TRIAL:**

All pretrial motions permitted or required under the Federal Rules of Criminal Procedure must be filed no later than fourteen (14) days after the date of this Order, unless a different time is prescribed by the Federal Rules of Criminal Procedure, an Act of Congress, the Local Rules of this Court, or by the Court at the time of arraignment.  Counsel's attention is particularly directed to N.D. Fla. Loc. R. 6.1 and 7.1.

**F.    MOTIONS IN GENERAL:**

Pursuant to Local Rule 7.1(B)-(D), all motions must include a written certificate confirming that counsel for the moving party has conferred in good faith with opposing counsel, or an unrepresented Defendant if not in custody, in an effort to resolve by agreement the subject matter of the motion.  All motions must be supported by a memorandum of no more than 8,000 words, and motions which require evidentiary support shall be accompanied by a signed statement of facts relied upon for the motion.

**G. PLEA BARGAINING:**

The parties shall immediately advise the Court's judicial assistant and the Clerk of the Court of any plea bargain agreement and arrange for the re-arraignment of the Defendant in sufficient time prior to trial to permit the excusing of witnesses and jurors and revision of the Court calendar should the negotiated plea be acceptable to the Court.  Such arrangement, unless the Court otherwise provides, shall be accomplished no later than four (4) calendar days prior to the trial date set in this order.

Absent exceptional circumstances that are both unforeseeable and unforeseen, a notice of Defendant's intention to plead guilty is considered "timely" for purposes of United States Sentencing Guidelines § 3E1.1(b) only if provided <u>on or before the fourth business day prior to the scheduled trial</u> **to <u>both</u> (a) the Court's judicial assistant or courtroom deputy clerk <u>and</u> (b) counsel for the Government.**

**H.    ATTIRE:**

Defendants, like all other parties, ordinarily should dress for court in suitable business attire.  Defendants who are in custody are responsible for making their own arrangements for clothing.  Neither the Court nor the United States Marshals Service provide clothing for Defendants to wear in

Case No.  4:21cr10-AW

Court. Defendants who fail to make advance arrangements for clothing will be tried in prison attire. Trials will not be continued because of a Defendant's failure to arrange for clothing.

I. **CONTINUING NATURE OF THIS ORDER:**

To the extent matters are addressed with this Order, it is continuing in nature inclusive of trial.

**DONE AND ORDERED** on February 22, 2021.

    s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**