UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 4:21cr-10-AW

DANIEL ALAN BAKER,

    Defendant.
_____/

**DEFENDANT'S REQUESTED JURY INSTRUCTION**
**REGARDING DEFENSE OF STATE AND OTHERS**

Defendant, Daniel Baker, moves the Court to instruct the jury as follows regarding the right of citizens to defend a state capitol building and its occupants:

> Citizens have the right to use armed force and even deadly force to defend the state against an imminent threat. The use of force, however, must be reasonable and proportional to the threat.
>
> An individual may also use deadly force if it is necessary to prevent death or great bodily harm to another.

MEMORANDUM

Court precedent and history support the right of citizens to defend

a state. "That it is the duty of citizens by force of arms to defend our government against all enemies whenever necessity arises is a fundamental principle of the Constitution." *United States v. Schwimmer*, 279 U.S. 644, 650 (1929), *rev'd on other grounds, Girouard v. United States*, 328 U.S. 61 (1946).

In defining the Second Amendment's phrase "bear arms," the Court in *District of Columbia v. Heller*, 554 U.S. 570, 584-585 (2008), reviewed "founding-era sources" that repeatedly referred to the right to bear arms "outside of an organized militia," in defense of the state: "The most prominent examples are those most relevant to the Second Amendment: nine state constitutional provisions written in the 18th century or the first two decades of the 19th, which enshrined a right of citizens to 'bear arms in defense of themselves and the state' or 'bear arms in defense of himself and the state.'" *See also Id.* at 584, n. 8.

State constitutions "that preceded and immediately followed the adoption of the Second Amendment also referred to the defense of the state:

> Four States adopted analogues to the Federal
> Second Amendment in the period between

2

> independence and the ratification of the Bill of Rights. Two of them--Pennsylvania and Vermont--clearly adopted individual rights unconnected to militia service. Pennsylvania's Declaration of Rights of 1776 said: "That the people have a right to bear arms for the defence of themselves and the state . . . ." § XIII, in 5 Thorpe 3082, 3083 (emphasis added). In 1777, Vermont adopted the identical provision, except for inconsequential differences in punctuation and capitalization. *See* Vt. Const., ch. 1, § XV, in 6 id., at 3741.
>
> North Carolina also codified a right to bear arms in 1776: "That the people have a right to bear arms, for the defence of the State . . . ." Declaration of Rights § XVII, in 5 id., at 2787, 2788.

*Id.* at 600.

"Between 1789 and 1820, nine States adopted Second Amendment analogues," *id.* at 602, all referring to the right of citizens to defend the state:

> Four of them--Kentucky, Ohio, Indiana, and Missouri-- referred to the right of the people to "bear arms in defence of themselves and the State." *See* n. 8, *supra*. Another three States--Mississippi, Connecticut, and Alabama--used the even more individualistic phrasing that each citizen has the "right to bear arms in defence of himself and the State." Finally, two States--Tennessee and Maine--used the "common defence" language of Massachusetts. See Tenn. Const., Art. XI, § 26 (1796), in 6 Thorpe 3414,

> 3424; Me. Const., Art. I, § 16 (1819), in 3 id., at 1646, 1648.

*Id.* at 602-603.

Defense of others, and the use of deadly force to do so, is an established rule as well:

> The prevailing rule is that one is justified in using reasonable force in defense of another person, even a stranger, when he reasonably believes that the other is in immediate danger of unlawful bodily harm from his adversary and that use of such force is necessary to avoid this danger. Deadly force is reasonable force only when the attack of the adversary upon the other reasonably appears to the defender to be a deadly attack.

W. LaFave, Substantive Criminal Law § 10.5 (West 3d Ed.). *See also* 6 Am. Jur.2d Assault and Battery, § 46 (2d Ed.) ("The 'defense-of-others justification' is essentially an extension of the self-defense justification, in that the actor may do in another's defense anything the person himself may have lawfully done in the circumstances.")

## **CERTIFICATE OF SERVICE AND WORD COUNT**

I certify that a copy of the foregoing has been furnished electronically via ECF to Assistant United States Attorneys Lazaro Fields and Stephen Kunz this 12th day of April 2021. This motion has 786 words.

                                          Respectfully submitted,

                                          */s/ Randolph P. Murrell*
                                          Randolph P. Murrell
                                          Federal Public Defender
                                          Florida Bar No. 220256
                                          227 N. Bronough St., Ste. 4200
                                          Tallahassee, FL 32301
                                          Phone (850) 942-8818
                                          Attorney for the Defendant