UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No. 4:21cr-10-AW

DANIEL ALAN BAKER,

    Defendant.
_____/

**DEFENDANT'S MOTION TO COMPEL**

    Defendant, Daniel Baker, moves the Court to compel the Government to provide the defense with (1) the intelligence assessment made by the Federal Bureau of Investigation of regarding the threat to Florida's Capitol on January 6, 2021, the day of President Biden's inauguration and (2) the identity of the individual or individuals who can testify about the assessment,

    As seen from the attached January 14, 2021, article from the Tampa Bay Times, the FBI had issued "a bulletin about possible armed marches on state capitol buildings across the country." Ex. 1. The article reports that "Florida law enforcement officials are monitoring

online chatter from extremists like the ones who vandalized the U.S. Capitol." It also states the FBI "hosted a conference call . . . with dozens of law enforcement agencies" and that on the call the FBI had reported "it had not received any specific intelligence about actual demonstrations targeting the state capital." Given the article, it is reasonable to conclude the FBI collected intelligence information about the threat to Florida's Capitol and reached conclusions about it.

The undersigned, in emails to the United States Attorney's Office, beginning on March 31, 2021, has requested the information. Ex. 2. Thus far, it has not provided it.

To establish Mr. Baker's guilt, the Government must establish he communicated a "true threat." "'True threats' encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343, 359 (2003). The guarantees of free speech "do not permit a state to forbid or proscribe advocacy or the use of force or of law violation except where such advocacy is directed to inciting or producing

2

imminent lawless action." *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969) (*per curiam*). Depending on the circumstances, a conditional threat may or may not be a true threat. *See United States Dierks*, 978 F.3d 585 (8th Cir. 2020) ( "Threatening communications that are not conditional, not clearly political in context, and do not in any sense contribute to the values of persuasion, dialogue, and the free exchange of ideas, are true threats and fall outside of the First Amendment's protection." (punctuation and authority omitted)); *United States v. Bellrichard*, 994 F.2d 1318, 1322 (8th Cir. 1993) ("As discussed above, the conditional nature or the outrageousness of the threats does not bring them within the protection of the First Amendment nor does it save the letters from violating § 876); *United States v. Cox*, 957 F.2d 264, 265 (6th Cir. 1992) ("There is authority for the proposition that a conditional threat may not be the kind of statement that is proscribed by 18 U.S.C. § 875(c).")

Mr. Baker directed his statements to "armed racists" bent on attacking Florida's Capitol. If the best intelligence available suggests there was no such group, it would mean, if there was any threat, it was

3

far from imminent, conditioned on events unlikely to occur, and directed at a group that did not exist. If that's so, it could not have been a true threat.

By withholding evidence about the likelihood of an attack on the Florida Capitol, the Government violates due process in that the evidence is "material to guilt." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). A failure to discover whether the FBI has such information is not an excuse. *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police."); *Carriger v. Stewart*, 132 F.3d 463, 480 (9th Cir. 1997 (en banc) ("Because the prosecution is in a unique position to obtain information known to other agents of the government, it may not be excused from disclosing what it does not know but could have learned.")

WHEREFORE, Mr. Baker requests the Court to issue an order requiring the Government to provide the intelligence information, the FBI's conclusions based on that intelligence, and the identity of the law

agent or officer best positioned to provide that information to the jury.

## CERTIFICATE OF SERVICE AND WORD COUNT

I certify that a copy of the foregoing has been furnished electronically via ECF to Assistant United States Attorneys Lazaro Fields and Stephen Kunz this 15th day of April 2021. This motion has 789 words.

Respectfully submitted,

*/s/ Randolph P. Murrell*
Randolph P. Murrell
Federal Public Defender
Florida Bar No. 220256
227 N. Bronough St., Ste. 4200
Tallahassee, FL 32301
Phone (850) 942-8818
Attorney for the Defendant