\#   UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 4:21cr10-AW

DANIEL ALAN BAKER,

    Defendant.
_____/

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO QUASH**

The Government asks the Court to quash Mr. Baker's subpoenas and deny his motion to compel.[1] The Government does so, contending the absence of any threat posed by armed racists is irrelevant to what it sees as the central fact to be decided by the jury: "whether the Defendant intended to communicate true threats." ECF No. 45 at 3. As the Government sees it, the information sought "does not carry a

---

[1] The Government cites Federal Rule of Criminal Procedure 17(c) and decisions pertaining to it. Mr. Baker's subpoenas were issued pursuant to Rule 17(a), though the point is academic as the requirement of relevancy and materiality is "roughly the same." *See Stern v. United States*, 214 F.3d 4, 17 (1st Cir. 2000).

scintilla of relevance as to whether the Defendant intended his communications as true threats," *Id.* at 7; the trial will be "about the Defendant, and what *he* intended when he pushed the 'post' button on his Facebook account on January 12 and 14, 2021, " *Id.* at 8; "even if law enforcement was unaware of any *other* treat . . . it does not in any way, shape, or form, affect the Defendant's intent to communicate true threats," *Id.*at 10-11; and "[w]hat matters is what was in the Defendant's mind, not the minds of law enforcement officers or intelligence professionals." *Id.* at 11. In proving a violation of 18 U.S.C. § 875(c) and whether the defendant communicated a true threat, however, the jury must also make "an objective finding that the communication was threatening." *United States v. Dierks,* 978 F.3d 585, 592 (8th Cir. 2020).

In *Dierks*, one of the decisions relied upon by the Government in its Notice of Inextricably Intertwined Evidence *See* ECF No. at 17, the court explained the holding in *Elonis v United States*, 575 U.S. 723 (2015), did not alter the long-standing requirement that a reasonable person would have to find the communication threatening:

2

> *Elonis* significantly undercut *Nicklas* [713 F.3d 435 (8th Cir. (2013)] by establishing that § 875(c) is a specific intent crime. Now, the key question for *mens rea* is whether the defendant "transmit[ted] a communication for the purpose of issuing a threat or with knowledge that the communication [would] be viewed as a threat." *Elonis*, 135 S. Ct. at 2012. *Nicklas* no longer provides a rationale for requiring a jury to find that a threat would appear as such to a "reasonable person."
>
> That does not mean that the "reasonable person" has no place in § 875(c) cases. It continues to be a necessary part of our "true threat" analysis. *Elonis* did not alter the requirement that prosecutions target only "true threats." This requirement is satisfied by an objective finding that a reasonable person would have been threatened by the charged communication. *See Mabie*, 663 F.3d at 332-33; see also *United States v. Elonis*, 841 F.3d 589, 596 (3rd Cir. 2016) (finding § 875(c) retains an objective component).

*Id.* at 591-592. *See also United States v. C.S.*, 968 F.3d 237, 245 (3d Cir. 2020); *United States v. Howard*, 947 F.3d 936, 946 (6th Cir. 2020); and *United States v. Dutcher*, 851 F.3d 757, 761 (7th Cir. 2017).

The threat, too, much be imminent, *see Brandeburg v. Ohio*, 395 U.S. 444, 447 (1969) (per curiam), and though conditional threats can

3

be true threats, it's a factor for the jury to consider.² *See Dierks*, 978 F.3d at 590 ( "Threatening communications *that are not conditional,* not clearly political in context, and do not in any sense contribute to the values of persuasion, dialogue, and the free exchange of ideas, are true threats and fall outside of the First Amendment's protection." (punctuation and authority omitted, emphasis added)); *United States v. Cox*, 957 F.2d 264, 266 (6th Cir. 1992) (recognizing that the Court in *Watts v. United States*, 394 U.S. 705 (1969), in finding the communication was not a true threat, "considered the conditional nature of the threat . . ."). It is, then, as the defense has stated in its motion to compel: *If the best intelligence available suggests there was no such group, it would mean, if there was any threat, it was far from imminent, conditioned on events unlikely to occur, and directed at a group that did not exist. If that's so, it could not have been a true threat.*

---

² The Government cites Judge Frank's conclusion that the threats "were not conditional." ECF No. 45 at 14. Yet Mr. Baker's Call to Arms was contingent upon (1) armed racists appearing at the Capitol, (2) attempting to enter the Capitol, and (3) succeeding in doing so by overrunning the law enforcement officer protecting the Capitol. It may be Judge Franks was saying the conditions were implicit rather than explicit.

4

ECF No. 42 at 3-4.

It might be worth mentioning that the need to subpoena the Chief of Police and the Sheriff has occurred because those agencies and the U.S. Attorney's Office have declined counsel's request to provide the information. Attached as Exhibit One are the letters sent to Chief Revell and Sheriff McNeil explaining why they have been subpoened. The emails attached to Mr. Baker's Motion to Compel, show the U.S. Attorney's position.[3]

Thus, the information sought by Mr. Baker is relevant to whether a reasonable person would view the "Calls Arms" as threatening. The intent of the defendant is one element the Government must prove, but it must also prove the communication meets the long-standing objective requirement. Because the information sought is relevant to the latter

---

[3] Defense counsel has spoken with Chief Revell about the subpoena. The Chief explained he would be unavailable the week of the trial and asked if someone else from the Police Department could appear on his behalf. The undersigned agreed to a substitute, and the Chief advised he would have someone in the Police Department call to make arrangements. Mr. Baker remains agreeable to the substitution, though, given the Government's motion, Chief Revell's position is unclear, at least to defense counsel.

consideration, the Court should deny the Government's motion and grant Mr. Baker's Motion to Compel.

## CERTIFICATE OF SERVICE AND WORD COUNT

I certify that a copy of the foregoing has been furnished electronically via ECF to Assistant United States Attorneys Lazaro Fields and Stephen Kunz this 21st day of April 2021. This motion has 1,050 words.

>Respectfully submitted,
>
>*/s/ Randolph P. Murrell*
>Randolph P. Murrell
>Federal Public Defender
>Florida Bar No. 220256
>227 N. Bronough St., Ste. 4200
>Tallahassee, FL 32301
>Phone (850) 942-8818
>Attorney for the Defendant