IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 4:21cr10-AW

DANIEL ALAN BAKER
_____/

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorneys, and hereby files the following proposed jury instructions in the above-styled cause.

Where a proposed instruction matches that of the Eleventh Circuit Pattern Jury Instructions (2019) Basic Instruction ("BI"), Special Instruction ("SI") or Offense Instruction ("OI"), it will be listed followed by the appropriate instruction number. The proposed jury instructions are as follows:

1. Preliminary Instruction[1]

2. BI # 1 - Introduction

3. BI # 2.1 or 2.2 as applicable - Duty to Follow Instructions and Presumption

---

[1] Instruction to be given following jury selection and prior to opening statements.

4. BI # 3 - Definition of Reasonable Doubt

5. BI # 4 - Consideration of the Evidence Direct and Circumstantial; Argument of Counsel; Comments by the Court

6. BI # 5 – Credibility of Witnesses

7. BI # 6.1 – 6.6 as applicable - Impeachment - Inconsistent Statement – Felony

8. SI # 5 – Note-taking

9. BI # 8 – Introduction to Offense Instructions

10. OI # 30.3 – Interstate Transmission of Threat to Kidnap or Injure, 18 U.S.C. § 875(c) Modified (**BOLD**) as follows at the request of the Government:

It's a Federal crime to knowingly send in interstate or foreign commerce a true threat to kidnap or injure any person.

The Defendant can be found guilty of this crime only if the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly sent a message in interstate commerce containing a true threat to kidnap any person or injure the person of another; and
(2) the Defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat.

The Government doesn't have to prove that the Defendant intended to carry out the threat.

A "true threat" is a serious threat — not idle talk, a careless remark, or something said jokingly — that is made under circumstances that

would place a reasonable person in fear of being kidnapped or injured or another person being kidnapped or injured.

A true threat is a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals. *Virginia v. Black*, 538 U.S. 343, 359 (2003). The communication containing a true threat must be one that a reasonable observer, considering the language, context, and circumstances of the statement, would interpret as a true threat. *United States v. Khan*, 1:15cr286 at ECF No. 238, p. 20 (N.D. Ill. 2015)U*nited States v. Dierks,* 978 F.3d 585, 589-90 (8th Cir. 2020); *United States v. Wheeler*, 776 F.3d 736, 743 (10th Cir. 2015);*United States v. Alaboud*, 347 F.3d 1293, 1297 (11th Cir. 2003), *overruled on other* grounds, *United States v. Martinez*, 800 F.3d 1293, 1295 (11th Cir. 2015).

A true threat does not need to be communicated directly to the intended victim, or specify a particular victim, or specify when it will be carried out. *United States v. Khan*, 937 F.3d 1042, 1051 (7th Cir. 2019).

A true threat can be a conditional threat. *United States v. Castillo*, 564 F. App'x 500, 501 (11th Cir. 2014); *United States v. Callahan,* 702 F.2d 964, 965 (11th Cir.) *United States v. Dillard*, 795 F.3d 1191, 1200 (10th Cir. 2015).

A "threat of violence does not need to be imminent" to constitute a true threat. *United States v. Dillard*, 795 F.3d 1191, 1200 (10th Cir. 2015).

It is not your job to decide whether any violation occurred regarding the Defendant's First Amendment right to free speech or his Second Amendment right to keep and bear arms. Those are legal issues for me to consider, not the jury, and I will address them myself, if necessary. Do not let legal concerns about the First Amendment or Second Amendment affect your deliberations in any way. *United States v. Khan*, 1:15cr286 at ECF No. 238, p. 21 (N.D. Ill. 2015).

To transmit something in "interstate commerce" means to send it from a place in one state to a place in another state. **This requirement is satisfied when the communication was transmitted or received over the internet.** *United States v. Khan*, 1:15cr286 at ECF No. 238, p. 20 (N.D. Ill. 2015).

11. BI# 9.1A – On or about; Knowingly; Willfully – Generally

12. Government's Proposed Special Instruction for Conjunctive Charging Language[2]:

Although the Indictment may charge the Defendant with committing an offense in several ways by using the word "and," it is not necessary for the Government to prove that the Defendant did each of the things named in the Indictment. It is sufficient if the Government proves beyond a reasonable doubt that the Defendant did one of the alternative acts as charged; however, you must unanimously agree on which act the Defendant committed.

13. BI # 10.4 - Caution - Punishment (Multiple Defendants – Multiple Counts)

14. BI # 11 - Duty to Deliberate

15. BI # 12 – Verdict

---

[2] Both counts in the Indictment use conjunctive language. Federal pleading requires that an indictment charge be in the conjunctive to inform the accused fully of the charges; however, the government must only prove in the disjunctive. *United States v. Howard*, 742, F.3d 1334, 1343, n. 3 (11th Cir. 2014); *United States v. Felts*, 579 F.3d 1341, 1344 (11th Cir. 2009); *United States v. Pacchioli*, 718 F.3d 1294, 1301 (11th Cir. 2013) (citing *Felts*).

4

WHEREFORE, the United States files the foregoing proposed jury instructions.

        Respectfully submitted,

        JASON R. COODY
        Acting United States Attorney

        */s/ Stephen M. Kunz*
        STEPHEN M. KUNZ
        Assistant United States Attorney
        Northern District of Florida
        Florida Bar No. 322415
        111 North Adams Street
        Tallahassee, Florida 32301
        (850) 942-8430
        Stephen.Kunz@usdoj.gov

        */s/ Lazaro P. Fields*
        LAZARO P. FIELDS
        Assistant United States Attorney
        Northern District of Florida
        Florida Bar No. 1004725
        111 North Adams Street
        Tallahassee, Florida 32301
        (850) 942-8430
        Lazaro.Fields@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been served via CM/ECF to counsel of record on this 27th day of April 2021.

> */s/ Lazaro P. Fields*
> LAZARO P. FIELDS
> Assistant United States Attorney