# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                     Case No.: 4:21cr10-AW

DANIEL ALAN BAKER

        Defendant.
_____/

## GOVERNMENT'S TRIAL BRIEF

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorneys, and hereby submits the following trial brief pursuant to N.D. Fla. L. R. 26.2 with respect to the following matters set forth in the Rule:

A. <u>Discovery material provided</u>:

1. Government:

The Government represents that it has provided the Defendant with all discovery required by the Rule; including any known *Brady* material and Jencks Act statements. Further, the defense was made aware that all of the Government's evidence was made available for

1

review in advance of the trial date and the defense has been provided copies of the Government's paper and video exhibits.

    2. Defendant:

The defense has presented a witness list and proposed exhibits to the Government. The defense seeks to admit four pieces of evidence: (1) the Defendant's recorded post-arrest statements; (2) a Tampa Bay Times article; (3) a CNN article; (4) a comment where the Defendant mentioned George Soros in one of the Defendant's YouTube videos; (5) a Tallahassee Democrat article; and (6) several memes.

    B. <u>Stipulation as to evidence</u>:

The Government provided the Defendant with a stipulation that the Facebook communications alleged in Counts 1 and 2 of the Indictment traveled in interstate or foreign commerce. The Defendant did not agree to sign the stipulation. However, the defense has represented to the Government that it will not object to the case agent testifying about Facebook's data centers being located outside of Florida, and that all posts on Facebook are processed through out-of-Florida data centers.

In addition, the Government provided the Defendant with a stipulation that he was discharged from the U.S. Army. The Defendant has signed the stipulation.

C. <u>Remaining discovery and legal issues</u>:

    1. Remaining Discovery:

The Government hereby, in advance, moves for the production of any defense witness statements as provided in Federal Rule of Criminal Procedure 26.2. While the Government recognizes that the defense is not required to produce a witness statement until after that witness has testified, the Government is making such request, in advance, seeing as the Government has provided the defense with its witness statements.

    2. Legal Issues:

<u>Defense Exhibits</u>

At the April 28, 2021, hearing, the Government represented to the Court that it did not object to the Defendant introducing the comment the Defendant made on his own YouTube channel about George Soros. The Government noted that it had no basis to object because the comment about Mr. Soros would already have been introduced in evidence by the

Government in the form of the search warrant conducted on the Defendant's YouTube account.

As was noted at the April 28, 2021, hearing and in the proposed exhibit list provided to the defense and the Court, the Government originally anticipated admitting the search warrant returns (*i.e.*, all of the documents received and certified in response to each search warrant) for the Defendant's Facebook, Instagram, and YouTube accounts, but only publishing excerpts to the jury (*i.e.*, the posts/videos that were listed on the Government's proposed exhibit list and were discussed in court).

After the April 28, 2021, hearing, defense counsel noted his objection to the Government introducing the <u>entire</u> search warrant return for Facebook, Instagram, and YouTube because it would give the jury the ability to peruse through such evidence during their deliberations, even if some of it was not published during trial. Although the Government believes that it is relevant and appropriate for it to admit the entire certified return from each social media company, the Government has agreed to not do so in light of the defense's request.

However, this now changes the landscape as it relates to the Defendant's comment about Mr. Soros because the Government will not

introduce the YouTube video wherein the Defendant made a comment about being funded by Mr. Soros. Thus, the defense's attempt to introduce the Defendant's own out-of-court statement is inadmissible hearsay. *See United States v. Scrima*, 819 F.2d 996, 1001 (11th Cir. 1987) ("[T]he defense sought to place the defendant's remarks before the jury without subjecting them to scrutiny of cross-examination. This is precisely what is forbidden by the hearsay rule."); *United States v. Willis*, 759 F.2d 1486, 1501 (11th Cir. 1985). In *Willis*, the defendant sought to elicit exculpatory statements made at the time of arrest. The court observed, "[o]bviously, the defense sought to place [the defendant's] remarks before the jury without subjecting [the defendant] to cross-examination. This is precisely what is forbidden by the hearsay rule." *Id.*; *see also United States v. Ricketts*, 146 F.3d 492, 497 (7th Cir. 1998) (excluding defendant's statements during an interview with law enforcement, offered by the defendant, because "it was really nothing more than a self-serving statement by Ricketts, inadmissible under the rules against hearsay").

Any probative value of the Defendant's statement about Mr. Soros, which is seemingly being offered by the defense to prove lack of intent—

5

by proving that the statement is nonsensical, and thus, false—is grossly outweighed by its prejudicial effect upon the Government's right to cross-examination, which could only be achieved if the Defendant testified.

As was noted at the April 28 hearing, the Government similarly objects to the Defendant's attempted introduction of his post-arrest recorded statement under the same hearsay grounds. The Government does not anticipate introducing any part of the Defendant's recorded post-arrest statements. Although defense counsel argues that these statements would not be introduced for the truth of the matter asserted, there is no reason to put these self-serving statements before the jury other than the truth or falsity of the statements. The Government's objection is buttressed by the Eleventh Circuit precedent described above. For these reasons, the Government objects to the defense's attempt to introduce the Defendant's recorded post-arrest statement and the Defendant's comment about George Soros.

In addition, the Government objects to the Defendant's attempt to introduce any news articles—other than the CNN article linked to the Facebook post charged in Count 2—and any other "memes" because they are not relevant and inadmissible hearsay.

Character Evidence:

The Government anticipates that the defense will call character witnesses to testify to the Defendant's character for violence, or lack thereof. Pursuant to Rule 404(a), evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, with the exception of a pertinent character trait of the accused, offered by the defense, or by the prosecution to rebut the same. Rule 405(a) permits character evidence in the form of reputation or opinion, and on cross-examination, the court may allow an inquiry into relevant specific instances of the person's conduct. *See also United States v. Solomon*, 686 F.2d 863, 874 (11th Cir. 1982).

Thus, Rules 404(a) and 405 establish a two-part test. First, under Rule 404, the Court must ask whether the evidence at issue is relevant and should thus be admitted. If relevancy favors admission of the evidence, the Court then turns to Rule 405, which guides the Court in determining whether the evidence should be limited to reputation or opinion testimony, or in the rarer instance, may also include specific acts of conduct.

The Defendant may not offer specific instances of good conduct or the absence of bad acts to establish pertinent traits or any other traits. *See United States v. Rosin*, 263 F. App'x 16, 30-31 (11th Cir. 2008) (evidence regarding defendant's kindness and charitable activities inadmissible); *United States v. Camejo*, 929 F.2d 610, 612-13 (11th Cir. 1991) ("Evidence of good conduct is not admissible to negate criminal intent."); *Solomon*, 686 F.2d at 873 (finding that district court properly excluded defendant's testimony regarding defendant's military service, lifestyle, good living, and respectability); *United States v. Paccione*, 949 F.2d 1183 (2d Cir. 1991) (affirming exclusion of character testimony that defendant had devoted his life to caring for a son with cerebral palsy).

Once a witness has testified about a defendant's good character cross-examination inquiry is allowed as to whether the reputation witness has heard of a particular instances of conduct relevant to the trait in question.

> It is well settled that once a witness has testified about a defendant's good character, cross-examination inquiry is allowed as to whether the reputation witness has heard of particular instances of conduct relevant to the trait in question. *See United States v. Glass,* 709 F.2d 669, 673 (11th Cir.1983); *Michelson v. United States,* 335 U.S. 469, 479, 69 S.Ct. 213, 220, 93 L.Ed. 168 (1948); Fed.R.Evid. 405. Since the reputation witness relates what he has heard, the inquiry

8

> sheds light on the reliability of the witness' perceptions about the defendant. *See* Fed.R.Evid. 405 advisory committee's note, par. 4. A trial court's discretion, however, is subject to two limitations: (1) the government must have a good faith factual basis for the incidents raised during cross-examination of the witness; and (2) the incidents inquired about must be relevant to the character traits at issue in the case. *Glass,* at 673 (citing *United States v. Wells,* 525 F.2d 974, 976–77 (5th Cir.1976)).

*United States v. Adair*, 951 F.2d 316, 319 (11th Cir. 1992).

It is not improper to assume certain facts which are in evidence—particularly those which the defendant does not contest—and confront the character witnesses with those assumptions. *United States v. Wilson*, 983 F.2d 221 (11th Cir. 1993).

Rule 405(b) permits evidence of specific instances of a person's conduct when a person's character or character trait is an essential element of a charge, claim, or defense. In *United States v. Benedetto*, 571 F.2d 1246 (2d Cir. 1978), the defendant was charged with taking bribes from four companies. It was improper for the defendant to call four character witnesses to testify that he did not take bribes at their respective companies. 571 F.2d at 1249-1250. Here, the Defendant is charged with transmitting threatening communications on Facebook. If the defense intends to call witnesses to testify about specific instances of

9

the Defendant's good character, those instances must be probative of non-violence, not general assertions about being a good person. Indeed, if prior good acts were admissible to negate intent, then "the exception of Rule 405(b) would swallow the general rule of 405(a) that proof of specific acts is not allowed." *United States v. Doyle*, 130 F.3d 523, 542 (2nd Cir. 1997).

As such, if the defense intends to introduce evidence of prior good conduct, the Court should limit it to instances of non-violence, not general good character.

Respectfully submitted on May 3, 2021,

>JASON R. COODY
>Acting United States Attorney
>
>*/s/ Stephen M. Kunz*
>STEPHEN M. KUNZ
>Assistant United States Attorney
>Northern District of Florida
>Florida Bar No. 322415
>111 North Adams Street
>Tallahassee, Florida 32301
>(850) 942-8430
>Stephen.Kunz@usdoj.gov
>
>*/s/ Lazaro P. Fields*
>LAZARO P. FIELDS
>Assistant United States Attorney
>Northern District of Florida
>Florida Bar No. 1004725
>111 North Adams Street
>Tallahassee, Florida 32301
>(850) 942-8430
>Lazaro.Fields@usdoj.gov

## LOCAL RULE 7.1(F) CERTIFICATE

I certify that this memorandum contains 1,739 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

>*/s/ Lazaro P. Fields*
>LAZARO P. FIELDS
>Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via CM/ECF to counsel of record on this 3rd day of May 2021.

>*/s/ Lazaro P. Fields*
>LAZARO P. FIELDS
>Assistant United States Attorney