# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

v.                                                                          Case No. **4:21cr10-AW**

**DANIEL ALAN BAKER,**
_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE

**COMES NOW** the United States of America, by and through the undersigned Assistant United States Attorney, and in compliance with the Federal Rules of Criminal Procedure, provides the following Response in Opposition to the Defendant's Motion to Terminate Supervised Release, as follows:

1. On July 5, 2024, the defendant filed a motion seeking early termination of the defendant's supervised release. (D.E. 129.)

2. On May 6, 2021, the defendant was found guilty of counts 1 and 2 of the indictment, both charging him with sending in interstate commerce a true threat to kidnap or injure (counts 1 and 2). (D.E. 77.) On October 12, 2021, the defendant was sentenced to 44 months in prison on both counts, concurrently. (D.E. 101, 103.) The sentence included a total of 3 years of supervised release. (D.E. 101, 103.)

3.      The Bureau of Prisons website shows a release date of July 5, 2023, for the defendant. Accordingly, the defendant has been on supervised release for just over 1 year of his 3-year period of supervision.

4.      The Government recognizes that 18 U.S.C. § 3583(e)(1) authorizes this Court to consider early termination following the completion of a year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. 3583(e)(1) (2019).

5.      The Government would oppose early termination. Currently, the defendant has not even completed half of his term of supervised release. Furthermore, the defendant's charges were serious (involving serious threats to the public), he was found in possession of firearms at the time his arrest, and there was evidence regarding his actions and involvement with organizations leading up to the time of the threats that raised additional concerns. His original sentence reflects the serious nature of his crime. Additionally, while probation has acknowledged that he has been compliant with supervision, they oppose termination at this time based on the offense conduct and the defendant's mental health. Based on the nature of the defendant's convictions, probation's recommendation, and the other factors discuss in this response, the government would ask that the defendant's supervised release not be terminated at this time. Accordingly, the Government would object to early termination of his supervised

release.

THEREFORE, based on the forgoing, the Government would oppose the Defendant's Motion to Terminate Supervised Release

Respectfully submitted,

JASON R. COODY
United States Attorney

*/s/ Gary Milligan*
Gary Milligan
Assistant United States Attorney
DC Bar No. 484813
Northern District of Florida
111 North Adams Street, 4th Floor
Tallahassee, Florida 32301
(850) 942-8430
Gary.Milligan@usdoj.gov

## **CERTIFICATE OF WORD COUNT**

I hereby certify, pursuant to N.D. Fla. Loc. R. 7.1(f), that this filing complies with the word limit and contains less than 8,000 words. This response was prepared using Microsoft Word 2019 software. In making this certification, I have relied upon the word-count feature of Microsoft Word 2019.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was delivered on July 18, 2024, to the CM-ECF system of the United States District Court for the Northern District of Florida.

                                        */s/ Gary Milligan*
                                        Gary Milligan
                                        Assistant United States Attorney